MARTIN, Respondent, vs. ARMSTRONG, Appellant.

*September 23—October 18, 1921.*

*Sales: Pure-bred cattle: Failure to furnish registration certificates: Instructions: Measure of damages: Duty to minimize loss.*

1. In an action against the seller of cattle for damages for failure to furnish certificates of their registration and transfer, where the jury found that defendant had agreed to furnish them, it was proper to instruct the jury that it was incumbent on the defendant to perform within a reasonable time.
2. As respects the liability of the seller for breach of contract by failing to furnish the registration and transfer certificates within a reasonable time, the fact that the registering association required from thirty days to two years to issue such papers will not relieve the seller, where he took no active steps to secure the papers within a reasonable time.
3. Since the evidence showed that the pedigree and ownership of cattle is a material element in establishing market value, the measure of plaintiff's damages would be the difference in market value with and without the proper registration and transfer papers.
4. A requested instruction in such case as to the duty of plaintiff to minimize the damages by securing the registration and transfer papers himself is *held* not to be warranted by the evidence.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

This action was brought in the circuit court for Jefferson county and removed to the circuit court for Rock county to recover damages for the alleged failure of the defendant to furnish certificates of registration and transfer of four heifers sold by the defendant to the plaintiff on May 23, 1919.

The plaintiff contends that the defendant agreed to furnish with the four head of pure-bred registered cattle, at the time of delivery or within a reasonable time thereafter, proper and authentic registration and transfer papers; that the cattle were delivered and the plaintiff immediately paid to the defendant the price agreed upon; that on November

26, 1919, defendant furnished the plaintiff with one registration paper, and on August 15, 1920, furnished the plaintiff with the balance of the registration papers, but neglected and refused to deliver transfer papers for the four head of pure-bred registered cattle with proper breeding certificates, which are required by the Holstein-Friesian Association of America for the registration of the offspring of such cattle, and wholly failed and neglected to cause the registration certificates to be transferred of record to the plaintiff as agreed at the time of the sale of the cattle. Plaintiff further claims that the four cattle were represented to be young and exceptionally well bred and that he purchased them for the special purpose of reselling them as pure-bred registered Holstein dairy cattle; that if they had been of the kind and quality represented and if the proper certificates of registration had been furnished as required by the rules of the National Holstein-Friesian Association, the four cattle were of the then actual cash value of not less than $250 each, or a total of $1,000; that without the proper certificates they were of the value of only $100 each, and that he thereby was damaged to the extent of $600. The plaintiff further claims that he shipped the four head of cattle to Hutchinson, Kansas, and kept them on a place where he had a herd of cattle, partly pure bred and partly grades; that he had no means of identifying the cattle without the certificates of registration, which in the case of Holstein cattle bear a diagram showing the black and white markings of such cattle; that on August 28, 1919, plaintiff offered the said cattle at public auction and warranted the delivery of the certificates and transfers; that not being able to produce the certificates and transfers at the time of sale he only received one half of their actual value for the cattle; that before the date of the sale he had written and telegraphed to the defendant for the papers, which defendant neglected to produce and also neglected to answer the plaintiff's letters; that afterwards the purchasers at the said sale refused to pay for the same

because plaintiff could not furnish the papers and returned the same to plaintiff's premises; that plaintiff could not keep the cattle separate without great expense and was obliged to sell two of said cattle which were returned to him as grade cattle at $75 per head; that the remaining two head are now being held by the purchasers thereof at plaintiff's expense, and plaintiff is obligated and will be obliged to return to the purchasers the money which they have paid therefor and the expense of their keep for a year and a half and take said cattle back.

Defendant answers that on November 26, 1919, he furnished the plaintiff with a registration certificate for one of the cattle, and on August 15, 1920, with registration certificates for the other three; that the four head of cattle were represented to be pure-bred cattle of registered Holstein breed, as in fact they were; that plaintiff informed defendant at the time of sale that he intended to ship the cattle to his place at Hutchinson, Kansas, where he intended to keep them for breeding purposes entirely separate from the grade cattle he also had, and that in order to identify the four head of cattle he caused the same to be permanently marked; that, although under no obligation to do so, defendant made every reasonable effort to secure the registration and transfer papers from and through the former owner of the cattle from whom the defendant had purchased the same and also through the Holstein-Friesian Association of America.

The case was tried before the court and a jury. Verdict was rendered in plaintiff's favor in the sum of $237.50 and judgment was entered thereon. Appeal is taken from this judgment.

The cause was submitted for the appellant on the brief of *Charles E. Pierce* of Janesville, and for the respondent on that of *Mistele & Smith* of Jefferson.

SIEBECKER, C. J.    It is contended that the circuit court misdirected the jury in the following particulars: (1) In

directing the jury that if they found upon the evidence adduced that the defendant at the time of the sale of the cattle agreed to furnish plaintiff properly authenticated registration and transfer papers of the breeding records as kept by the Holstein-Friesian Association of America of the four cattle in question, the defendant was required to furnish such papers within a reasonable length of time after such sale under all of the facts and circumstances of the transaction; and in omitting to instruct the jury that under certain specific circumstances such papers could only be furnished by defendant with plaintiff's assistance; (2) that the court erroneously instructed the jury that the measure of damages was the difference in market value of the four pure-bred cattle with such registration and transfer papers and the market value without such papers; and (3) that the court erroneously omitted to instruct the jury that it was incumbent on plaintiff to minimize the alleged damages by such reasonable means as were within his power, and that upon the evidence in the case plaintiff could have reasonably obtained these registration and transfer papers at a nominal expense, and hence his recovery of any damages could not exceed the amount of such expenditures.

It is evident from the record that the issue whether or not the agreement respecting the furnishing by defendant of the registration and transfer papers for the four pure-bred cattle was entered into by the parties at the time defendant sold plaintiff the cattle was properly presented for trial. The evidence on the subject is in conflict and required determination of this question by the jury. Upon this issue the jury resolved the controversy in plaintiff's favor. Under this state of the case, did the court properly direct the jury that the defendant, in order to comply with his agreement to furnish these papers, was required to do so within a reasonable time after such sale? Since the jury resolved this issue in plaintiff's favor, it follows that it was incumbent on defendant to perform the contract within a reasonable time there-

after, in the light of the facts and circumstances of the transaction. It is claimed by defendant that the evidence shows without dispute that defendant was prevented from furnishing these papers because the Holstein-Friesian Association in the usual course of its business required from thirty days to two years to issue such papers. An examination of the evidence shows, however, that the jury was warranted in concluding that the defendant took no active steps to secure such papers until after the plaintiff had held a sale on August 28, 1919. Evidently the jury found that the defendant was apprised of the fact that plaintiff contemplated holding this sale when the cattle were bought. Under these circumstances it is plain that defendant did not live up to this agreement and that the court properly submitted this issue to the jury. The court applied the correct rule of law to this issue, and the jury was not misled by the instruction.

It is urged that the court erroneously instructed the jury that, if plaintiff is entitled to recover, his damages were to be measured by the difference in the market value of these pure-bred cattle with the proper registration and transfer papers having been furnished and the market value without such papers. There is evidence tending to show that the want of such papers is a factor in the market value of such cattle. Evidently the existence of a complete record showing the pedigree and ownership of such cattle is a very material element in establishing their market value. Under this condition we are persuaded that the court submitted the correct rule of damages to the jury. But it is argued that the instructions on this question wholly omit to inform the jury that it was plaintiff's duty to do all he reasonably could to minimize the amount of the damages and that the evidence shows that plaintiff could readily have secured these registration and transfer papers at a cost not to exceed $15; that he made no effort in this respect, and his damages should have been limited accordingly. This claim is not sustained by the evidence. The records of the Holstein-Friesian Asso-

ciation showed that the cattle in question were owned by one C. E. Brenner of Williamsport, Indiana, who had sold them to defendant. But there was no record of this transfer with the association. The claim that plaintiff could have procured such transfer papers under the by-laws of the association (art. 4, sec. 42) is not correct. As stated in the letter of June 21, 1921, of the association to the plaintiff:

"In order to do this, however, it is necessary that we have from *Mr. Armstrong* proof of full payment of the animals in the form of a canceled check, or sworn statement, and as proof of delivery we must have from you diagrams of the colors and markings of the animals drawn from life."

As heretofore indicated, the jury found the defendant agreed to furnish these papers within a reasonable time after May 23, 1919, the date the plaintiff bought the cattle. It appears that defendant as late as January 21, 1921, had not complied with the requirements of the association to make a record of the transfer from Brenner to himself. Manifestly the jury was abundantly justified in finding that defendant had not complied with the agreement and that he had breached the contract of sale.

It necessarily follows that he was liable in damages for such default. It is considered that the circuit court committed no error in submitting the issues to the jury; that the verdict is sustained by the evidence; and that the court properly awarded judgment in plaintiff's favor.

*By the Court.*—The judgment appealed from is affirmed.